IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MAURICE L. JOHNSON, | |
| Plaintiff, | |
| VS. | 7: 12-CV-15 (HL) |
| WILLIAM DANFORTH, and CURTIS RILEY, | |
| Defendants. | |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on November 1, 2010, challenging certain conditions of his confinement while housed at Valdosta State Prison. (Doc. 1).  Currently pending are Defendant Danforth's Motion to Dismiss, and Defendants Danforth and Riley's Motion to Dismiss.  (Docs. 25, 30).

Defendants Danforth and Riley filed a Motion to Dismiss for Want of Prosecution on October 22, 2012, and the Court issued an Order on October 23, 2012 notifying Plaintiff of the pendency of this Motion and directing him to respond thereto.  (Docs. 30, 31).

Defendants assert that Plaintiff has failed to properly notify the Court of his address change, and therefore his Complaint should be dismissed. (Doc. 30-1).  Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).   Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution.  *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).  The

court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

On September 24, 2012, the Court ordered Plaintiff to file a response to Defendant Danforth's first Motion to Dismiss within thirty (30) days of the date of the Order. (Doc. 26). The Court also ordered Plaintiff to file a response to Defendants Danforth and Riley's Motion to Dismiss within thirty (30) days from the date of that Order, which was dated October 23, 2012. (Doc. 31). As of the date of this Recommendation, Plaintiff has not responded to either of the pending Motions to Dismiss. Additionally, the Clerk of Court attempted to mail Plaintiff a January 2, 2013 Order, but the mailing came back as "not deliverable" on January 14, 2013. (Doc. 34). Plaintiff has not provided a current address to the Clerk of Court, and thus, neither the Court nor Defendants can contact Plaintiff. The Court also notes that the last contact Plaintiff had with the Court was on May 25, 2012, wherein he filed a Motion for Default Judgment. (Doc. 18).

A review of this entire action reveals a clear record of delay or willful contempt on the part of Plaintiff. Plaintiff has failed to comply with two Court Orders directing him to respond to Defendants' Motions to Dismiss, and it has been almost a year since Plaintiff's last contact with the Court. The Court finds that lesser sanctions will not suffice. Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit since filing a Motion for Default Judgment in May of 2012, has failed to respond to two Court orders requiring Plaintiff to respond to Defendants' Motions to Dismiss, and has failed to notify the Court and parties of Plaintiff's current address. Thus, it is the recommendation of the undersigned that Defendants Danforth and Riley's

Motion to Dismiss (Doc. 30) be **GRANTED,** and that Plaintiff's Complaint be **DISMISSED.**

Defendant Danforth filed his first Motion to Dismiss on September 21, 2012, asserting that Plaintiff's Complaint should be dismissed because Plaintiff is no longer incarcerated, and therefore his claim for injunctive relief is moot. As the undersigned has recommended dismissal of this action based on Plaintiff's failure to prosecute this case, the undersigned recommends that Defendant Danforth's first Motion to Dismiss (Doc. 25) be **found to be moot**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation

**SO RECOMMENDED**, this 14th day of May, 2012.

s/ **THOMAS Q. LANGSTAFF**<br>
UNITED STATES MAGISTRATE JUDGE